No. 11–0476/AR. U.S. v. Berttran L. Tiller. CCA 20080438. Review granted on the following issue:

> WHETHER THE CHARGE AND ITS SPECIFICATION FAIL TO STATE AN OFFENSE BECAUSE THE SPECIFICATION DOES NOT ALLEGE, EXPRESSLY OR BY NECESSARY IMPLICATION, THE "TERMINAL ELEMENT" AS REQUIRED BY *UNITED STATES v. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

No briefs will be filed under Rule 25.

No. 12–0380/MC. U.S. v. Scott D. Bauer, Jr. CCA 201100515. On consideration of the petition for grant of review of the decision of the United States Navy-Marine Corps Court of Criminal Appeals, it is ordered that said petition is hereby granted, and the decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.* [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

---

* It is directed that the promulgating order be corrected to accurately reflect that Specification 4 of Charge III was dismissed by the military judge as multiplicious with Specification 5. Also, to the extent

No. 12–0272/AF. U.S. v. Timur Timerhanov. CCA 37685. Review granted on the following issue:

> WHETHER SPECIFICATION 1 OF CHARGE II, A CONTESTED AS-SAULT WITH INTENT TO COMMIT ROBBERY SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE AN ARTICLE 134 TERMINAL ELEMENT BUT THAT WAS NOT CHALLENGED AT TRIAL, STATES AN OFFENSE.

No briefs will be filed under Rule 25.

No. 12–6002/AF. U.S. v. Darren N. Hathorne. CCA 2011–02. On further consideration of the record in the above-captioned case, the Court has concluded that the

that the convening authority's action purported to execute the bad-conduct discharge, it was a nullity. *See* United States v. Bailey, 68 M.J. 409 (C.A.A.F. 2009).